Norman *et al. v.* Norman.

(In Banc.   May 22, 1944.)

[18 So. (2d) 130.   No. 35611.]

W. I. Munn, of Newton, and J. Knox Huff, of Forest, for appellants.

C. E. Johnson, of Union, and Welch & Cooper, of Laurel, for appellee.

Argued orally by J. Knox Huff and W. I. Munn, for appellants.

Roberds, J., delivered the opinion of the court.

This is a contest of the will of L. M. Norman, deceased, on the grounds of undue influence and lack of testamentary capacity. The court gave a peremptory instruction for proponents on the issue of undue influence and the jury found for them on the issue of capacity.

There are four proponents—two nephews and two nieces of testator. The contestants are a nephew and a niece and a non compos mentis brother of testator, the latter being the father of the four beneficiaries in the will.

The contestants offered to prove that certain personal property came into the hands of the testator from his mother and father upon the death of his mother in 1916 and of his father in 1919, basing their contention on the rule that evidence to show how testator acquired the property of which he is disposing by will is admissible in most jurisdictions if the manner in which it was acquired might reasonably affect the disposition thereof which a rational man would make, citing Page on Wills, Vol. 1 (2 Ed.), Sec. 693. The contention is of no avail to appellants here for these reasons:

The acquisition by testator of this property, if he so acquired it, was some twenty-three years prior to the making of the will and would be too remote, under circumstances here, to have any bearing upon the issue of capacity. Also, it is not shown, or claimed, that any of this property was in existence at the time of the death of Norman, or that any of it was disposed of by the will. In fact, the property, as detailed into the record by contestants, is by its nature such that during this time it was either consumed or ceased to exist, except perhaps some furniture. Furthermore, contestants are in the inconsistent position of having successfully objected to the introduction by proponents of two deeds executed to testator by his father and mother in 1893 and 1913 to 290 acres of land.

Again, it is said in Section 766, Page on Wills, Vol. 1 (2 Ed.), "If the source of testator's property does not affect the justice of the will evidence with reference thereto is inadmissible." We glean from this record that the relations between the beneficiaries and the testator were such as stamps his disposition of his property as being natural and just. They resided within three hundred yards of him; his nephews had worked with and assisted

him in the operation of the farm; the father of the beneficiaries had been an inmate of an asylum for twenty-two years, and was in a hopeless mental condition. To the home of the beneficiaries the testator was carried when he left the hospital. As between the beneficiaries and contestants, the bestowing of his property upon the beneficiaries under the picture here disclosed was the natural act of a normal man.

And lastly, as we construe the record, the court, in his final ruling, made after statements and arguments of counsel on both sides, did not exclude the proposed evidence of contestants. What he finally did do was to suggest to contestants that the testimony be developed by questions to and answers of the witnesses on the stand, and he would rule on the competency of the evidence as thus developed, the record showing that the trial judge said ". . . Bring in your witnesses and I will rule on the testimony as it comes in . . . as it comes up we will rule on it like any other testimony." The witnesses were not placed on the stand.

Appellants next contend for a reversal because they say the court would not permit them to show the value and extent of testator's estate. It is a general rule that the general nature and extent of testator's estate may be shown on an issue of capacity and undue influence. We think that was shown in this case. The proof disclosed that he had farmed all of his life, and had been very successful; that he was a bachelor and lived upon his farm and operated it; proponents, as above stated, offered in evidence two land deeds to testator conveying to him 290 acres of land, to which contestants objected; the inventory and appraisement are in the record but we do not know whether they were before the jury. Perhaps they were not. However, Judge D. M. Anderson, who had been the legal adviser of testator for many years and who prepared and witnessed his will, gave this testimony as to his estate:

"Q. He was a man of large estate, was he not? A. Well, he had a good sized estate I would say.

"Q. What as his counsel, is your opinion of the value of his estate? A. I say twenty-five to thirty thousand dollars.

"Q. Twenty-five to thirty thousand dollars? A. Yes, sir.

"Q. Was he a man of such estate when you first began to advise him? A. Well, I could not say—no he didn't have as much property back thirty years ago as he had when he died.

"Q. Do you mean to say he had been successful in the operation of his business within the period you were first his counsel? A. That is right."

Contestants had a cruise made of the timber on the lands of testator and offered that in evidence, which the court excluded. This was error but in view of the other evidence relating to the estate and the observation hereafter made in this opinion, it is not reversible error.

As to both of the foregoing contentions we will now observe that we have carefully read and considered all of the evidence in this case. The evidence that testator had sufficient testamentary capacity to execute this will at the time he did so is clear, specific and convincing. On the other hand, there is no substantial evidence that he did not possess such capacity at the time of its execution. In our opinion no fair, intelligent jury could have returned any verdict other than upholding the will on that issue. If a contrary verdict had been returned, we would have felt impelled to set it aside on this record. This being true, neither of the foregoing contentions, even if well taken, could have affected the result.

Affirmed.